Brian INGALLS

v.

**STATE of Maine DEPARTMENT OF CONSERVATION.**

Supreme Judicial Court of Maine.

Argued Jan. 19, 1989.
Decided April 3, 1989.

Harold L. Stewart, II (orally), Presque Isle, for employee.

William J. Smith, Van Buren, Gail Ogilvie (orally), Asst. Atty. Gen., Augusta, for employer.

1. The employer does not assert that the rule was

Before ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The State Department of Conservation (employer) appeals from the decision of the Appellate Division of the Workers' Compensation Commission (Commission) affirming the decision of the hearing commissioner to grant the petition for award of compensation filed by Brian Ingalls (employee). The employer contends that: (1) because Maine Workers' Compensation Rule 2.3, Me.Workers' Comp.Comm'n R. & Reg. 90–351 C.M.R. 2.3 (1984),[1] conflicts with 39 M.R.S.A. § 51–B(8) (Supp.1988) the commissioner erred in determining the employer could not controvert the employee's claim within 44 days of the notice of injury; (2) the commissioner erred in denying the employer's petition to annul the memorandum of payment; and (3) the commissioner erred in denying the employer's petition to reopen the memorandum of payment. We affirm the decision of the Commission.

Rule 2.3 provides:

If the employer denies entitlement to compensation for lost time it must file a Notice of Controversy within 14 days after it has notice or knowledge of the injury or death. The employer or insurer may, in the alternative, file a Memorandum of Payment indicating that payments are being made but that the claim is only accepted pending investigation. Payment pending investigation permits the employer to investigate the claim for up to 30 days after the date of the first payment while preserving the right to terminate payments unilaterally and without liability provided that a Notice of Controversy is timely filed when payments are so terminated. The employer accepts the compensability of the injury or death in the following circumstances: (1) a Memorandum of Payment is duly filed indicating payments are being made and the claim is accepted; (2) a Memorandum of Payment is duly filed indicat-

improperly promulgated.

ing payments are being made pending investigation without the filing of a subsequent Notice of Controversy within the 30–day period; (3) neither a Memorandum of Payment nor Notice of Controversy is filed within the prescribed time period.[2]

Following the notice of injury by the employee, the employer filed with the Commission a memorandum of payment indicating payments were being made to the employee and that the employer accepted the employee's claim that his injury was work connected. Sometime thereafter, but within 44 days of the employer's notice of the employee's injury, the employer filed with the Commission a notice of controversy, a petition to annul memorandum of payment[3] and a petition to reopen memorandum of payment[4]. These matters were consolidated for hearing with the employee's petition for award of compensation. The commissioner determined that the employer could not controvert its earlier acceptance of the employee's claim of entitlement to compensation for a work-connected injury; that the employer had failed to establish that the employee had made fraudulent representations to the employer or that the employer was mistaken as to any pertinent facts surrounding the claim; and that prior to filing the memorandum of payment accepting the employee's claim, the employer was in possession of all pertinent facts. Accordingly, the commissioner denied the employer's petitions and granted the employee's petition for award.

■■■ As to its first contention, the employer argues that Rule 2.3 directly contravenes the provisions of 39 M.R.S.A. § 51–B(8). We disagree. Section 51–B(8) provides a means of early payment to an injured employee while allowing the employer 44 days within which to controvert the claim of the employee that the injury is in fact work connected. As stated by the commissioner, Rule 2.3

> advance[s] useful goals of the early-pay system by sorting clearly compensable claims from those which may be contested, or will be contested, or require more investigation before a decision can be made, thus promoting efficient allocation of resources by the Commission, and reducing the pall of uncertainty for potential compensation recipients.

The commissioner properly determined that there was no conflict between section 51–B(8) and Rule 2.3, and it was the employer's act of filing its acceptance of the employee's claim that his injury was work connected, not the early payment of compensation to the employee, that barred the employer from now claiming that it had 44 days within which to controvert that claim.

The employer also argues that the commissioner abused his discretion in denying the employer's petitions to reopen and to annul the memorandum of payment and acceptance of the employee's claim filed by the employer. As to each of the petitions, the commissioner found that the employer had failed to meet its burden of proof as set forth in 39 M.R.S.A. § 99–C and 39 M.R.S.A. § 102 (1978).[5] Our review of the record discloses that there is competent evidence to support the findings of the commissioner. Accordingly, we will not disturb the commissioner's decision to dismiss the petitions of the employer. *Polleys v. Georgia–Pacific Corp.*, 451 A.2d 637 (Me.1982).

The entry is:

---

2. On January 29, 1985 the Commission replaced Rule 2.3 with Rule 4.3. *See* Me.Workers' Comp. Comm'n R. & Reg. 90–351 C.M.R. 4.3 (1985).

3. 39 M.R.S.A. § 102 (1978) provides that the Commission may annul any agreement approved by the Commission that has been entered into through mistake of fact or fraud.

4. 39 M.R.S.A. § 99–C (Supp.1988) provides that: Upon the petition of either party, a single commissioner may reopen and review any compensation payment scheme, award or de-

cree upon the grounds of newly discovered evidence which by due diligence could not have been discovered prior to the time the payment scheme was initiated or prior to the hearing on which the award or decree was based. The petition must be filed within 30 days of the payment scheme, award or decree.

5. We assume without deciding, as did the commissioner, that 39 M.R.S.A. § 102 providing for the annulment of agreements encompasses the annulment of memoranda of payment.

The decision of the Appellate Division of the Workers' Compensation Commission is affirmed.

All concurring.